No. 897

PERRYSBURG (Village) et al v. RIDGEWAY et al

Ohio Supreme Court
To Appear in —— Ohio State Reports
No. 1773. Decided June 19, 1923

259. MUNICIPAL LAW.

All municipalities derive powers of local self-government from constitution direct—Matters included within term "powers of local self-government"—Constitutional grant of power of local self-government granted by constitution not affected by constitutional grant of power to adopt charter—Constitutional power of local self-government given to all municipalities whether they adopt charter or not—Ordinance denying motor bus company use of street for station purposes held invalid. (For official Syllabus, see infra.)

WANAMAKER, J.

Epitomized Opinion

An action in injunction was brought in the Common Pleas Court of Wood county to enjoin the enforcement of a certain ordinance of the Village of Perrysburg of that county, purporting to regulate, or as it was claimed, to prohibit motor busses from starting or stopping within the municipal limits of that village. The suit was brought by Ridgeway, a tax payer, in behalf of himself, and in behalf of the village. It was conceded by both sides that the ordinance did not in any way prohibit the use of the streets of Perrysburg for through traffic. A motion was filed to vacate the temporary injunction upon the ground that the petition did not state facts sufficient to constitute a cause of action. This motion was overruled. A demurrer was filed upon substantially the same ground, which was also overruled. The defendants excepted to both rulings. The defendants, not desiring to plead further, judgment was entered upon the demurrer. By a divided decision, the Court of Appeals sustained the judgment of the lower court. Defendants then prosecuted error to the Supreme Court. In reversing the judgment of the lower court, the Supreme Court held, in Syllabus, 26 Abs. 484, as follows:

1. Since the Constitution of 1912 became operative, all municipalities derive all their "powers of local self-government" from the Constitution direct, by virtue of Section 3, Article XVIII, thereof.

3. The above constitutional grant of power to municipalities is "self-executing" in the sense that no legislative action is necessary in order to make it available to the municipality.

4. The exercise of "all powers of local self-government," as provided in Article XVIII, Section 3, is not in anywise dependent upon or conditioned by Section 7, Article XVIII, which provides that "a municipality may adopt a charter," etc.

5. The grant of power in Section 3, Article XVIII, is equally to municipalities that do adopt a charter as well as those that do not adopt a charter, the charter being only the mode provided by the Con-

## OHIO SUPREME COURT—Continued

stitution for a new delegation or distribution of the powers already granted by the Constitution. State ex rel City of Toledo v. Lynch, Auditor, 88 Ohio St. 71; 102 N. E. 670; 58 L. R. A. (N. S.) 720; Ann. Cas. 1914D, 949, disproved upon the proposition that a charter is a prerequisite to the exercise of home-rule powers under Section 3, Article XVIII.

6. A municipal ordinance denying to a motor bus company for hire the right to use a municipal street for the purpose of a motor bus stop or station to let off or take on passengers is within the constitutional grant of municipal power, and therefor is a valid ordinance.

Attorneys—Smith, Baker, Effler, Allen & Eastman, Toledo, for Perrysburg et al; Benjamin F. James and Eldon H. Young, Toledo, for Ridgeway et al.